IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS OF ALASKA, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3AN-25-        CI |
| ANCHORAGE SCHOOL BOARD; and ANCHORAGE SCHOOL DISTRICT, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff Associated Builders and Contractors of Alaska, Inc., by and through its counsel of record, Holland & Hart LLP, and hereby files its complaint against the Anchorage School Board ("ASB") and Anchorage School District ("ASD") by stating and alleging the following:

## NATURE OF THE ACTION

1.      This action challenges the validity of the Anchorage School Board's Policy No. 3311.2 ("BP 3311.2"), which requires contractors to enter into exclusive "Student Community Workforce Agreements" with the AFL-CIO's "Building and Construction Trades Council of Southcentral Alaska," and other unions as a necessary condition for performing certain construction projects for the Anchorage School District.

2.      The stated purpose of the Student Community Workforce Agreements ("SCWAs" or "CWAs") is ideological, and includes putting public funds "to work" for

HOLLAND & HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

"residents of the community, and in particular, community members in focus categories such as military veterans, members of the National Guard and reservists; adults skilled in the construction trades; people of color; women; district graduates, young people and unskilled adults, socially and economically disadvantaged members of the community; and individuals facing reentry into the community after leaving a State of Alaska correctional facility."

3.      In the past year, as a precondition to being considered for major projects, ASD has forced prospective contractors to agree to sign CWAs that require, among other things: (1) payment into union trust funds; (2) exclusive hiring through union halls or "referral systems," without any right to retain their existing workforce; and (3) adherence to union Collective Bargaining Agreements (or "CBAs"), in violation of the National Labor Relations Act ("NLRA").

4.      As implemented, BP 3311.2 has already begun to increase costs, reduce competition, and unfairly discriminate against the majority of Alaska's construction contractors and workers who have chosen not to affiliate with unions.

5.      The CWAs mandated under BP 3311.2 violate existing competitive procurement rules, including the requirement for competitive bidding in the Anchorage Municipal Charter, violate federal law, including the NLRA, and violate contractors' fundamental rights to freedom of expression, freedom of association, and equal protection.

**HOLLAND &
HART LLP**
420 L Street, Suite 550
Anchorage, AK  99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 2 OF 18

**Exhibit A - Page 2 of 22**
Case 3:25-cv-00165-SLG      Document 1-1      Filed 08/01/25      Page 2 of 22

## PARTIES

6.     Plaintiff Associated Builders and Contractors of Alaska ("ABC") is an industry trade association and non-profit corporation in good standing with the State of Alaska. ABC and its members believe in the "merit shop" construction philosophy, which encourages open competition and a free-enterprise approach that awards contracts based solely on merit, regardless of labor affiliation. In Alaska, ABC represents more than 150 members, who are a core part of Alaska's contracting community.

7.     ABC has associational standing to bring this action on behalf of its members because: (a) its members would have standing to sue in their own right; (b) the interests at stake are germane to ABC's organizational purpose; and (c) neither the claims asserted nor the relief requested requires participation of individual members. If BP 3311.2 is not enjoined, ABC's members will be effectively excluded from competing for ASD construction projects unless they agree to the CWA mandate.

8.     Defendant Anchorage School District is a district of Alaska's public school system, and is part of the Municipality of Anchorage as provided in AS § 14.12.010 *et seq.*

9.     Defendant Anchorage School Board was created pursuant to the Anchorage Charter Section 6.01 and is charged with operating public schools in the Anchorage School District.

## JURISDICTION AND VENUE

10.  Jurisdiction is conferred upon the Court by AS § 22.10.020.

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 3 OF 18

**Exhibit A - Page 3 of 22**

Case 3:25-cv-00165-SLG    Document 1-1    Filed 08/01/25    Page 3 of 22

11.  Venue is proper in this Court because the events giving rise to the causes of action alleged herein occurred in this judicial district.

## BACKGROUND FACTS

12.  Alaska's contracting community operates primarily on a merit basis, with the overwhelming majority of Alaska's construction workforce not being affiliated with a union.[1]

13.  Prior to the enactment of BP 3311.2 in 2022, the Anchorage School District had, for decades, remained neutral with regard to contractors' labor affiliation – allowing union and merit-shop contractors to compete fairly and on an equal footing for district projects.

14.  Such equal treatment is required by law. Anchorage's Municipal Charter, specifically, guarantees the people of Anchorage (whether acting as contractors, taxpayers, or both) the right "to competitive bidding for goods and services furnished to the Municipality," subject only to exceptions established by ordinance.[2] This requirement binds ASD, as it does the rest of the Municipality.

15.  In accordance with the Municipal Charter, ASD's longstanding procurement policy (BP 3311) has required competitive bidding to "ensure that good value is received for funds expended." BP 3311 requires ASD to "maximize to the fullest

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

---

[1]  https://www.abc.org/News-Media/News-Releases/in-more-than-half-of-us-states-at-least-90-of-the-construction-workforce-does-not-belong-to-a-union/
[2]  Anchorage Municipal Charter, Article II § 11.

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 4 OF 18

extent practicable the purchasing values of funds" and requires that "systems [be] in place [to] foster effective broad-based competition for procurement."

16.     BP 3311 is, or was, in accordance with state regulations that require a school district to award contracts through traditional "competitive sealed bids" for most school construction projects funded through state grants. *See* 4 AAC 31.080(a).

17.     In March of 2022, however, the Anchorage School Board sought to change this status quo by forcing contractors to affiliate with unions and hire exclusively through union halls on certain projects.

18.     To do so, the ASB adopted BP 3311.2, which requires that "a Student Community Workforce Agreement (SCWA) review team evaluate and review qualifying District construction projects [*i.e.,* projects over $1 million] to consider if an SCWA could be used to advance important interests held by the [ASD]." BP 3311.2 states that it is ASD's "public policy" to use SCWAs to the "fullest extent" permitted by law.

19.     Following the enactment of BP 3311.2, and contrary to its longstanding practices, ASD began requiring contractors and their workforces to affiliate with specific trade unions as a precondition to performing certain projects for the district – in violation of the Municipal Charter and federal law.

20.     For projects where a community workforce is required, BP 3311.2 states that a "Master SCWA" template will be provided by ASD's Superintendent for inclusion in the solicitation.

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 5 OF 18

21.     The School Board has adopted a default, "Master SCWA" template for community workforce agreements, as of October 17, 2023.

22.     On information and belief, this master template was primarily drafted by the AFL-CIO's "Building and Construction Trades Council of Southcentral Alaska." BP 3311.2 states that this template, as included in procurement documents, may only be revised or modified with written agreement from the Council.

23.     Since the adoption of BP 3311.2, CWA requirements have been included in solicitations for many of the ASD's recent projects, including the $12 million Chugiak High School Roof Replacement and Restoration Project (ITB 2025-802) and the $3.6 million Multisite Secure Vestibule Entry ("MSVE") project at Kasuun, Lake Hood, and Klatt Elementary schools (ITB 2025-806).

24.     The CWA template included in these solicitations is substantially identical to the October 2023 Master Template, and forces contractors to affiliate with unions on the projects. Specifically, the CWA:

   a.  Mandates that contractors hire a union journeyman for each scope of work to act as a union "steward" on projects;

   b.  Requires that contractors hire project labor exclusively through union hiring halls and referrals, even if doing so requires them to fire their existing workforce;

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 6 OF 18

**Exhibit A - Page 6 of 22**

Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 6 of 22

c. Mandates acceptance of each signatory union's "Schedule A" collective bargaining agreement, including any changes made after the commencement of work, which outline *e.g.,* mandatory wages for employees and supervisors;

d. Mandates acceptance of grievance procedures and binding arbitration for alleged violations of union collective bargaining agreements;

e. Mandates contractors and subcontractors recognize unions as the sole and exclusive bargaining representatives for all craft employees;

f. Mandates specific work rules, hours, and conditions regardless of contractors' existing practices;

g. Mandates contributions into union trust funds by contractors; and

h. Mandates hiring of apprentices through union programs only, and prohibits hiring of apprentices through non-union programs.

25. These requirements, including mandatory payments to unions, mandatory hiring of union personnel, union-directed scheduling and work hours, and standardized grievance procedures for disputes, effectively wrest control from contractors over their own work, and eliminate the ability for contractors to manage their workforce according to their established policies.

26. In effect, the CWA requirements allow non-union, merit-based contractors to compete for projects *only by becoming union shops* for the duration of the project.

27. The CWA requirements in recent solicitations are plainly driven by an idealized desire to support and benefit unions, to the exclusion of merit-shops.

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 7 OF 18

**Exhibit A - Page 7 of 22**
Case 3:25-cv-00165-SLG    Document 1-1    Filed 08/01/25    Page 7 of 22

28.  For example, the CWA template included in the solicitation for the Chugiak High School Roof Replacement and Restoration Project requires contractors to utilize apprentices "in accordance with the signatory labor organization's CBA that predominantly covers the work associated with this CWA."

29.  Many of the union signatories identified in that CWA, however, are not based in Alaska and have limited direct presence in the state. This includes Heat & Frost Insulators Local 7 (Tukwila, WA); Roofers Local 189 (Spokane, WA); Sprinkler Fitters Local 669 (Columbia, Maryland); and Bricklayers Local 1 (Tukwila, WA).

30.  Despite this, and as a condition of bidding on the Chugiak High School project, contractors were required to assent to signing an agreement with these out-of-state unions, which required use of their referral systems for hiring, and required use of their apprenticeship programs on the project.

31.  Conversely, any successful awardee was <u>not</u> permitted to use apprentices from any *non*-union apprenticeship programs, regardless of those programs' quality or ties to the local community. This includes ABC's apprenticeship program, which is a registered program with the Federal Department of Labor and is accredited through the National Center for Construction Education and Research.  Apprentices in that program are ineligible for work on ASD's CWA projects for the simple reason that they are not affiliated with a union.

32.  Indeed, the blanket prohibition on non-union apprentices was made clear in the below correspondence between ASD's contract administrator and union

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 8 OF 18

representatives, in the lead up to the Chugiak project. (For reference, the red text below

contains in-line comments from a Building and Trades Council representative):

---

**From:** lobato_lillian <lobato_lillian@asdk12.org>
**Sent:** Monday, September 30, 2024 6:26 AM
**To:** whiting_david <whiting_david@asdk12.org>
**Cc:** sutterfield_dane <sutterfield_dane@asdk12.org>; johns_thomas <████████████████>
**Subject:** RE: CWA Questions - ITB 2025-802 CHS Roof Replacement & Restoration
**Importance:** High

Hi Dave,

The following highlighted questions need answers.

26. The Preamble to the CWA uses the word "community" 6 times in the first paragraph alone and specifically states ASD "is committed… to putting such funds to work for the benefit and improved general welfare of residents of the community" Yet it seems that for this roof replacement project the roofers are being required to utilize an out of state Roofers Local 189 from Spokane Washington. Many unions have regional offices that cover Alaska – including Roofers Local 189.

a. How does this serve our community and benefit the improved general welfare of residents of the community? Anchorage residents who are roofing apprentices will be receiving important training (as spelled out in our previous correspondence) from the Roofers Union's Apprenticeship and Training Program at no cost to themselves. This serves the exact purpose of the SCWA.

   b. Are we required to use out of State Labor?
   c. Are we required to pay per diem to out of state labor?
   d. Are our local roofers required to sign up with and pay dues and their fringe benefits to an out of state roofers local, rather than have those fringe benefits go into their normal retirement plan?
   e. The Associated Builders and Contractors of Alaska has a roofing apprenticeship program could we utilize our local community organization rather than an out of state labor pool? No. It seems that there may be a fundamental misunderstanding of the requirements of the SCWA. Out of state labor is not required and there is no "out of state labor pool" at play here, in any capacity.

33. There is no Roofers Union or Apprentice program for roofers in the State of Alaska. If awarded the project, will the roofing Contractor be required to sign a PLA with the Roofers Union Local 189 listed in the CWA Template? The Roofers Union Local 189 Apprenticeship and Training Program does, in fact, provide training for Alaska apprentices – as spelled out in previous correspondence regarding the roofing. Whichever roofing contractor is awarded work on a project covered by an SCWA will be required to sign the "Letter of Assent" that all subcontractors on the project are required to sign. They will also be afforded the opportunity to sign the MOU provided in previous correspondence regarding the roofing.

Thank you,
Lillian

Lillian Lobato
Purchasing Agent/Contract Administrator
Anchorage School District
Purchasing Department

---

      33. Further correspondence between ASD and the Building and Trades Council,

related to the Chugiak project, reflects an aggressive approach by union representatives

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 9 OF 18

**Exhibit A - Page 9 of 22**

Case 3:25-cv-00165-SLG    Document 1-1    Filed 08/01/25    Page 9 of 22

in policing subcontractors, to prevent non-signatories from performing work on the

project:

**From:** Ryan Andrew <​███████████████>
**Sent:** Friday, December 20, 2024 3:20 PM
**To:** 'Bronson Frye' <​█████████████>; Mundt_Calvin <Mundt_Calvin@asdk12.org>; 'bsquires@rhcak.com'
<​███████████>
**Subject:** RE: Chugiak HS Roof Replacement & Restoration Project

CAUTION: This email originated from outside of the organization. Do not click links, reply or open attachments unless you recognize the sender and know the content is safe.

Hello All,

The morning of January 10th would work better for my schedule as well. If at all possible, let's plan for a window of time sometime between 9 am and 12 pm on January 10th.

On a related note, I have sent the list of subcontractors to each of the Building Trades affiliates and I received some feedback regarding the contractor listed for the Steel Fabrication and Erection scope of work. The SCWA does require that each subcontractor execute a letter of assent with the applicable labor organization for the project. Sampson Steel Company is currently not signatory with the Ironworkers Local 751, but would still be required to execute the SCWA letter of assent for this project if they are to be hired by Roger Hickel.

Ideally each of the subcontractors would have the letter of assent completed prior to the pre-job meeting being held, however, at a minimum the letter of assent would need be signed prior to work commencing.

I've also included Brandi Squires here as Brandi is listed as the point of contact for Roger Hickel for this project.

Please let me know if you have any questions.

Have a great weekend,

Ryan Andrew
Assistant Business Manager
IBEW Local 1547
(907) 777-7252 Office

34. Similarly, in response to a contractor's question on the MSVE project, which asked "*if you are non-union, do you still have to hire a journey man from each signatory union for scope of work?*" ASD staff responded: "*While the contractor will be required to abide by the terms of the Community Workforce Agreement for the specific project, this does not commit the contractor to being a union signatory contractor beyond the specific project covered by the Community Workforce Agreement.*"[3]

---

[3]https://apps.asdk12.org/depts/purchasing/Uploads/ITB%202025-806%20Addendum%202.pdf

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 10 OF 18

**Exhibit A - Page 10 of 22**
Case 3:25-cv-00165-SLG    Document 1-1    Filed 08/01/25    Page 10 of 22

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

(emphasis added). In specifying that contractors need not remain union signatories
<u>beyond</u> the scope of the project, this response makes clear: while working on the project,
all contractors must effectively remain union shops.

35.   The result of BP 3311.2 has been predictable: decreased competition and
increased costs on the ASD's union-only projects. Several ABC members, specifically,
have been unable to bid on these affected ASD projects due to the onerous CWA
provisions, and their unwillingness to accept compulsory union affiliation.

36.   Contrary to the overarching goals of its procurement policy, ASD cannot
"maximize the purchasing values of funds" or "foster effective broad-based
competition" if it discriminates against non-union contractors, in part because most of
Alaska's workforce is non-union.

37.   The lack of competition for work on certain projects has been acknowledged
and discussed by the ASD.

38.   In an October 8, 2024 email to representatives from the Building and Trades
Council, ASD's Purchasing Director asked union representatives how he should answer
a contractor's question about the lack of bids being received on a project:

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK  99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 11 OF 18

**Exhibit A - Page 11 of 22**
Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 11 of 22

**From:** whiting_david
**Sent:** Tuesday, October 8, 2024 8:18 AM
**To:** Bronson Frye <████████████████>; ████████████████
**Subject:** ASD CHUGIAK HS RENOVATION ITB CWA PROJECT

Hi Mr. Frye and Mr. Andrew,
Purchasing received the following question today from a contractor regarding the Chugiak HS CWA Project. Please advise how you want to answer this.
Thanks very much for your help on this!
Regards,

Dave

1. We have contacted multiple flooring and roofing subcontractors for this project, and not a single one of them will bid this project due to the CWA requirement as there is no flooring or roofing union contractors within the state of Alaska, coupled with the fact that the corresponding scopes have estimated values of $10,000 each or less (we are being told the scope is too small to bother with the CWA). Therefore, will ASD consider issuing waivers applicable to the CWA agreement for subcontractors having work valued at 1% or less of the total contract amount for the entire project? If not, then please advise how bidding general contractors are expected to obtain quotes for this work.

## COUNT I
## VIOLATION OF THE ANCHORAGE MUNICIPAL CHARTER

39.   ABC incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

40.   The Anchorage Municipal Charter includes a "Bill of Rights" that guarantees certain rights to the people of Anchorage, which are in addition to rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alaska.

41.   The rights guaranteed by the Charter include: "The right—whether as a contractor, as a taxpayer, or both—to competitive bidding for goods and services furnished to the municipality, subject only to exceptions established by ordinance." *See* Anchorage Municipal Charter, Article II (11).

**HOLLAND &**
**HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 12 OF 18

**Exhibit A - Page 12 of 22**
Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 12 of 22

42.   Competitive bidding requires "honest competition on an equal basis." *McBirney & Assocs. v. State*, 753 P.2d 1132, 1136 (1988).

43.   The Anchorage School District is part of the Municipality of Anchorage, and the Anchorage Municipal Charter's Bill of Rights therefore applies to the Anchorage School District. *See* AS § 14.12.010; AMC 1.15.180(K) ("*Municipality* means the Municipality of Anchorage, its legislative and administrative components, including enterprise activities and authorities, the anchorage school district, and the school board.")

44.   No Municipal ordinance exempts ASD from the Charter's requirement for competitive bidding.

45.   The ASB may not exempt itself from the requirement for competitive bidding, nor is ASB's interpretation of the Charter entitled to any deference. Even if it was, BP 3311.2 violates ASD's longstanding policies regarding competitive bidding contained in BP 3311, which require "fair and equitable treatment of all persons who deal with the procurement system."

46.   BP 3311.2 violates the Anchorage Municipal Charter's requirement for competitive bidding by, among other things, unnecessarily discriminating against merit-shop contractors and restricting their ability to fairly compete for ASD projects, which violates the requirement for "equal" competition between union and non-union contractors.

HOLLAND & HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 13 OF 18

**Exhibit A - Page 13 of 22**

## COUNT II
## VIOLATION OF PLAINTIFF'S FREE ASSOCIATION AND FREE SPEECH RIGHTS UNDER THE FIRST AMENDMENT

47.     ABC incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

48.     The First Amendment forbids abridgment of the right to freedom of speech. *Janus v. AFSCME*, Council 31, 585 U.S. 878, 891-892 (2018).

49.     The First Amendment protects the right to eschew association for expressive purposes. *Id.*

50.     First Amendment protections apply to government contractors. *See Associated Builders & Contrs. of Southeast Tex. v. Rung*, 2016 U.S. Dist. LEXIS 155232, *32 (E.D. Tex., 2016) ("government contractors are entitled to the same First Amendment protections as other citizens, and the government's procurement role does not entitle it to compel speech as the price of maintaining eligibility to perform government contracts.") (citing *O'Hare Truck Serv. v. City of Northlake*, 518 U.S. 712 (1996)).

51.     A policy requiring contractors to subsidize unions as a precondition to being awarded projects violates their First Amendment rights.

52.     ABC and its members have a deeply rooted commitment to economic freedom. They believe employees and employers should have the right to determine wages and working conditions, through either individual or collective bargaining, as they choose, within the boundaries of the law.

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 14 OF 18

53.     ABC and its members oppose coercion, intimidation, and the denial of the rights of workers or those in management.

54.     ABC and its members believe that monopolies, or any other kind of price or wage fixing in either the public or private sector are detrimental to our system of free enterprise.

55.     BP 3311.2 violates the First Amendment rights of ABC's members by requiring them to subsidize unions, associate with unions, and hire personnel exclusively through union halls.

56.     BP 3311.2 does not serve Defendants' own goals or interests, as stated in BP 3311, for "fair and equitable treatment of all persons who deal with the procurement system." Numerous studies establish that government-mandated CWAs reduce competition, increase costs and in general defeat the goal of greater economy and efficiency. As a result, Defendants also cannot meet the high bar for a compelling interest that warrants restriction on ABC members' associational freedom and First Amendment rights.

## COUNT III
## VIOLATION OF EQUAL PROTECTION

57.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.     Article I, Section 1 of the Alaska Constitution provides that "all persons are equal and entitled to equal rights, opportunities, and protection under the law."

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 15 OF 18

59.     BP 3311.2 singles out contractors and workers who have chosen to not associate with a union and treats them in a disparate fashion by excluding them from opportunities on certain projects.

60.     Defendants lack a lawful basis to justify such disparate treatment.

## COUNT IV
## PREEMPTION UNDER THE NLRA

61.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

62.     The National Labor Relations Act ("NLRA") preempts regulation by state and local governments, which cannot "regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits." *See Chamber of Commerce of the United States v. Brown*, 554 U.S. 60, 65 (2008) (citing *Wis. Dep't of Indus., Labor & Human Rels. v. Gould, Inc.*, 475 U.S. 282, 286 (1986)).

63.     The NLRA protects contractors from compulsory association or affiliation with unions. Specifically, section 7 of the NLRA, 29 U.S.C. 157, states that the federal government shall protect the right of employees to refrain from collective bargaining. Section 8(d) of the NLRA, 29 U.S.C. 158(d), prohibits the federal government from requiring employers to agree to any CBA with a union. *See H.K. Porter v. NLRB*, 397 U.S. 99, 102-109 (1970) (holding that employers cannot be compelled to agree to any substantive contractual provision of a collective bargaining agreement).

**HOLLAND &
HART LLP**
420 L Street, Suite 550
Anchorage, AK  99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 16 OF 18

**Exhibit A - Page 16 of 22**
Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 16 of 22

64.     A state or local government may not use its "spending power" to evade preemption by the NLRA. *Wis. Dep't of Indus., Labor & Human Rels. v. Gould, Inc.*, 475 U.S. 282, 287 (1986) ("[Wisconsin] contends. . . that the statutory scheme invoked against Gould escapes pre-emption because it is an exercise of the State's spending power rather than its regulatory power. But that seems to us a distinction without a difference, at least in this case. . ."); *Hotel Employees & Rest. Employees Union, Local 57 v. Sage Hosp. Res., LLC*, 390 F.3d 206, 216 (3rd Cir. 2004) ("If a condition of procurement . . . does not serve, or sweeps more broadly than, a government agency's proprietary economic interest, it must submit to review under labor law preemption standards.")

65.     BP 3311.2 was enacted for public policy goals beyond the scope of ASD's proprietary economic interest in any specific project and it is the stated policy of ASD to maximize the use of CWAs, regardless of their utility on a project.

66.     BP 3311.2 prohibits ASD from tailoring any CWA to the needs of an individual project, without approval from unions.

67.     BP 3311.2 coercively requires contractors to agree to substantive provisions in unions' collective bargaining agreements, in violation of the NLRA.

68.     BP 3311.2 requires that employees be hired through union halls and at wages set by collective bargaining agreements, in violation of the NLRA.

69.     BP 3311.2, both facially and as applied, violates and is preempted by federal standards and the NLRA.

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 17 OF 18

**Exhibit A - Page 17 of 22**
Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 17 of 22

HOLLAND &
HART LLP
420 L Street, Suite 550
Anchorage, AK  99501
(907) 865-2600

# PRAYER FOR RELIEF

Based on the foregoing, Plaintiff ABC requests that judgment be entered in its favor as follows:

1. A preliminary injunction pending a final decision on the merits, enjoining ASB or ASD from further implementing BP 3311.2, and enjoining ASB or ASD from requiring a SCWA or CWA on any ASD project;

2. A declaratory judgment as to each of the Counts set forth above, declaring that BP 3311.2 is invalid and contrary to law;

3. A permanent injunction, enjoining ASB or ASD from further implementing BP 3311.2, or from requiring a SCWA or CWA on any ASD project;

4. An order awarding Plaintiff its full reasonable attorneys' fees and costs as required by AS 09.60.010(c), or as otherwise allowed by law;

5. For such additional relief as this Court deems appropriate.

DATED this 9th day of July, 2025.

HOLLAND & HART LLP
Attorneys for Associated Builders and Contractors of Alaska

By: */s/ William G. Cason*
    Michael C. Geraghty, AK Bar No. 7811097
    William G. Cason, AK Bar No. 2009083
    420 L Street, Suite 550
    Anchorage, AK 99501
    Telephone: (907) 865-2600
    Email: mcgeraghty@hollandhart.com
            wgcason@hollandhart.com
            intaketeam@hollandhart.com

**HOLLAND & HART LLP**
420 L Street, Suite 550
Anchorage, AK 99501
(907) 865-2600

COMPLAINT
*Associated Builders and Contractors of Alaska v. Anchorage School Board, et al.* Case No. 3AN-25-_____ CI
PAGE 18 OF 18

This form is **not** required for cases filed electronically through TrueFiling.  For District Court cases, use form CIV-125D.

| Type of Action | For Court Use Only | |
|---|---|---|
| ***Check the box that best describes the case.  Mark ONE box only.*** | Case Type | Action Code |
| **Domestic Relations (family law – divorce, court-ordered parenting plans, paternity, etc.)** | | |
| Spouses with Minor Children (or pregnant) **Agree** on All Issues to End Marriage | Div or Cust w/Children | CISUDVC |
| Spouses with Minor Children (or pregnant) do **not** Agree (or are unsure) on All Issues to End Marriage | Div or Cust w/Children | CISDVC |
| Spouses without Minor Children (and not pregnant) **Agree** on All Issues to End Marriage | Divorce without Children | CISUDIV |
| Spouses without Minor Children (and not pregnant) do **not** Agree (or are unsure) on All Issues to End Marriage | Divorce without Children | CISDIV |
| Unmarried Parents **Agree** on Parenting Plan | Div or Cust w/Children | CISUCUS |
| Unmarried Parents do **not** Agree (or are unsure) on Parenting Plan | Div or Cust w/Children | CISCUS |
| Child Custody or Visitation by Person Other than Parent | Domestic Relations Other | CIVIS |
| Property Division – Unmarried Partners | Domestic Relations Other | CISPROP |
| Stay Legally Married (have minor children or pregnant) - **Agree** on Property/Debt Division and Parenting Plan | Legal Separation | CIUCLS |
| Stay Legally Married (have minor children or pregnant) - do **not** Agree (or are unsure) on Property/Debt Division or Parenting Plan | Legal Separation | CICLS |
| Stay Legally Married (no minor children and not pregnant) - **Agree** on Property/Debt Division | Legal Separation | CIUSLS |
| Stay Legally Married (no minor children and not pregnant) – do **not** Agree (or are unsure) on Property/Debt Division | Legal Separation | CISLS |
| Annul (void) a Marriage | Domestic Relations Other | CIANNUL |
| Paternity – Determine Person **is** Biological Father | Domestic Relations Other | CISPAT |
| Paternity – Determine Person is **not** Biological Father | Domestic Relations Other | CIDPAT |
| Paternity – Determine Both Biological and Non-Biological Father | Domestic Relations Other | CIDEPAT |
| Genetic Testing - Failure to Comply with Order for Testing | Domestic Relations Other | CIOSCP |
| Administrative Child Support Order – Modify or Enforce | Domestic Relations Other | CIPCS |
| Alaska PFD or Native Dividend – Request Order | Domestic Relations Other | CIPND |
| **Foreign Orders (may include orders from tribal courts, other U.S. state or federal courts, and other countries)** | | |
| Register **Support** Order (may include motion to modify support) | Domestic Relations Other | CIUIFSA |
| Register **Custody** Order (may include agreement to modify custody) | Domestic Relations Other | DR483REG |
| Register **Custody** Order **with** Motion to Modify Custody | Domestic Relations Other | DR483 |
| Register **Custody & Support** Order (may include agreement to modify custody and/or support) | Domestic Relations Other | CIFCSREG |
| Register **Custody & Support** Order **with** Motion to Modify **Support Only** *[If modifying custody, use next option.]* | Domestic Relations Other | CIFCSMS |
| Register **Custody & Support** Order **with** Motion to Modify **Custody** (may also ask to modify support) | Domestic Relations Other | CIFCSMC |
| Register Domestic Relations Order (**not** custody or support) | Domestic Relations Other | CIDRFJ |
| Petition for Expedited Enforcement of **Non**-Registered Custody Order | Domestic Relations Other | DR488 |
| Register Money Judgment from another State or Country | Foreign Judgment Sup Court | CISFOJ |
| Register Non-Money Judgment from another U.S. Court | Superior Court Misc Petition | CISFNMJ |
| **Debt/Contract** | | |
| Debt Collection | Civil Superior Court | CISDEB |
| Claim by Buyer against Seller of Goods/Services | Civil Superior Court | CISCLAIM |
| Employment – Discrimination | Civil Superior Court | CISEMPD |
| Employment – Other than Discrimination | Civil Superior Court | CISEMP |
| Other Contract | Civil Superior Court | CISOCT |
| **Real Property (land or buildings)** | | |
| Condemnation | Civil Superior Court | CISCNDM |
| Foreclosure | Civil Superior Court | CISFOR |
| Quiet Title (establish ownership) | Civil Superior Court | CISQIT |
| Real Property Tax Foreclosure | Superior Court Misc Petition | CISTAX |
| Other Real Estate Matter | Civil Superior Court | CISREM |

Case 3:25-cv-00165-SLG   Document 1-1   Filed 08/01/25   Page 19 of 22

| | | | |
|---|---|---|---|
| **Landlord/Tenant** | | | |
| | Eviction (may include rent and damages) | Eviction-Superior Court | CISFED |
| | Other Landlord/Tenant (no eviction) | Civil Superior Court | CISLT |
| **Malpractice (misconduct while engaged in professional services)** | | | |
| | Legal Malpractice | Civil Superior Court | CISLMP |
| | Medical Malpractice | Civil Superior Court | CISMMP |
| | Other Malpractice | Civil Superior Court | CISOMP |
| **Tort (unlawful act that causes harm, other than breach of contract)** | | | |
| | Wrongful Death | Civil Superior Court | CISPID |
| | Automobile Tort (but not wrongful death) | Civil Superior Court | CISIDA |
| | Claim against Owner of Real Property for Personal Injury | Civil Superior Court | CISPIO |
| | Product Liability (defective item from manufacturer or seller) | Civil Superior Court | CISPL |
| | Intentional Tort (for example: assault, battery, vandalism) | Civil Superior Court | CISIT |
| | Slander/Libel/Defamation | Civil Superior Court | CISSLD |
| | Other Tort | Civil Superior Court | CISIDO |
| | Approval of Minor Settlement – Civil Petition *[May also file in probate.]* | Superior Court Misc Petition | CISPET |
| **Other Civil** | | | |
| | Election Contest or Recount Appeal | Civil Superior Court | CISELE |
| | Change of Name - Adult | Change of Name | CICON |
| | Change of Name - Minor | Change of Name | CICONM |
| | Confession of Judgment (all sides agree to entry of court order - **not** domestic relations) | Civil Superior Court | CISCCONF |
| | Structured Settlement – AS 09.60.200 | Superior Court Misc Petition | CISSS |
| | Administrative Agency Proceeding – Request for Court Assistance | Superior Court Misc Petition | CISWRNT |
| | Arbitration - Action under Uniform Arbitration Act | Civil Superior Court | CISAP |
| | Fraud | Civil Superior Court | CISFRAUD |
| | Unfair Trade Practice and Consumer Protection | Civil Superior Court<br>Clerk: Issue form CIV-128 | CISUTP |
| | Writ of Habeas Corpus (request for review of legality of detention) | Civil Superior Court | CIWHC |
| | Fish & Game - Abatement & Forfeiture of Equipment | Superior Court Misc Petition | CISAF |
| | Appointment of Trustee Counsel | Superior Court Misc Petition | CISTC |
| | Action under Alaska Securities Act | Civil Superior Court | CISASA |
| | Quarantine and Isolation | Superior Court Misc Petition | CISQI |
| ✕ | Other Superior Court Complaint | Civil Superior Court | CISOCI |
| | Other Superior Court Petition | Superior Court Misc Petition | CISPET |
| **Post-Conviction Relief to Superior Court** | | | |
| | Post-Conviction Relief (after felony or misdemeanor conviction and sentencing in **superior** court) | Post-Conviction Relief-Sup Ct | CISPCR |
| **Appeal to Superior Court - From Administrative Agency** | | | |
| | Election Contest or Recount Appeal  *[See Other Civil category.]* | | |
| | Department of Motor Vehicles (DMV) Appeal | Appeal from Admin Agency | CIADDMV |
| | Employment Security and Unemployment Benefits Appeal | Appeal from Admin Agency | CIADRESA |
| | Administrative Agency Appeal - Other | Appeal from Admin Agency | CIADR |
| | Request for Relief from Child Support Enforcement Division (CSED) License Action | Petition for Review or Relief | CICSED |
| | Request for Review of Non-Final Administrative Agency Decision | Petition for Review or Relief | CIPRA |
| | Request for Relief from Administrative Agency Delay - AS 44.62.305 | Petition for Review or Relief | CIPRLF |
| **Appeal to Superior Court - From District Court** | | | |
| | Civil Appeal | Appeal from District Court | CIACI2 |
| | Criminal Appeal | Appeal from District Court | CIACRM |
| | Minor Offense Appeal | Appeal from District Court | CIAMO |
| | Small Claims Appeal | Appeal from District Court | CIASC |
| | Request for Review of Civil, Criminal, or Minor Offense Case Decision | Petition for Review or Relief | CIPRD2 |
| | Petition for Review of a Small Claims Decision | Petition for Review or Relief | CIPRSC |

**For more information on how to determine whether to file in Superior Court or District Court, see form CIV-126, *Information Sheet - Superior vs. District Court***

**Exhibit A - Page 20 of 22**

Case 3:25-cv-00165-SLG     Document 1-1     Filed 08/01/25     Page 20 of 22

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

ASSOCIATED BUILDERS AND
CONTRACTORS OF ALASKA, INC.
_____
      Plaintiff(s),

vs.

ANCHORAGE SCHOOL BOARD; and
ANCHORAGE SCHOOL DISTRICT,
_____
      Defendant(s).

CASE NO. 3AN-25- O7511   CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: <u>ANCHORAGE SCHOOL BOARD</u>, Dora Wilson, School Board Clerk

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) _____William G. Cason_____, whose address is: _420 L Street, Suite 550, Anchorage, Alaska 99501_.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge  *Rankin*
  and to a magistrate judge.

[ ] This case has been assigned to ~~District~~ Court Judge _____.

CLERK OF COURT

_07/11/2025_
Date

By: _Wta~_
Deputy Clerk

I certify that on _07/11/2025_ a copy of this Summons was [ ] mailed [X] given to [ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _WT_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55
**Exhibit A - Page 21 of 22**

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

ASSOCIATED BUILDERS AND
CONTRACTORS OF ALASKA, INC. )
_____ )
Plaintiff(s), )
)
vs. )
)
)
ANCHORAGE SCHOOL BOARD; and )
ANCHORAGE SCHOOL DISTRICT, )
_____ )
Defendant(s). )
_____ )

CASE NO. 3AN-25- 07511 ___ CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: <u>ANCHORAGE SCHOOL DISTRICT, Dr. Jharrett Bryant</u>t, Superintendent

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) ____William G. Cason_____, whose address is: _420 L Street, Suite 550, Anchorage, Alaska 99501_____.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge _Rankin_____.
and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

_07/11/2025_____
Date

By: _Wtau_____
Deputy Clerk

I certify that on _07/11/2025_ a copy of this summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _WT_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

**Exhibit A - Page 22 of 22**